Annie Fingerman
vs. } No. 70528.
F. W. Woolworth Company

March 8, 1929.

CAPOTOSTO, J. The plaintiff claims that on April 14, 1926, about 10:30 a. m., while a customer in defendant's store, she slipped upon a piece of waxed paper, was thrown to the floor and injured. The plaintiff testified that the paper in question was trampled upon and pieces of it were stuck to the floor. There was evidence that envelopes of a similar kind of paper and containing merchandise were displayed on a nearby counter. Certain statements claimed to have been made by a salesgirl who was not produced as a witness were excluded and the plaintiff's exceptions duly noted. It is not the province of this Court to review its own rulings. This phase of the case, therefore, must be left to a higher Court for determination.

The defendant denied liability by disclaiming any knowledge of any dangerous condition of the floor.

The case is a border line case. The Court gave the plaintiff the benefit of any doubt and submitted the issue to the jury, which returned a verdict for the defendant. The plaintiff's motion for another trial reflects the hope of every unsuccessful litigant.

Motion for new trial denied.

For plaintiff: Baker & Spicer, Walter I. Sundlun.

For defendant: Ralph T. Barnefield.

Sixth St. Realty Co.
vs. } No. 74791.
Nathan Horowitz

March 16, 1929.

BLODGETT, J. Heard upon motion for new trial filed by plaintiff after verdict by a jury for the defendant.

The action was brought to recover upon certain promissory notes executed by the defendant to secure a mortgage from defendant to plaintiff upon certain land in Florida. Defendant brought a tract of land during the boom period in Florida, paid a certain amount in cash for the same and executed a mortgage for the balance. Then followed the hurricane in Florida and the collapse of the boom.

The mortgage notes were unpaid and the plaintiff proceeded in equity to foreclose the mortgage and finally, under a decree of foreclosure duly entered in a court having jurisdiction, sold the property and took title to the same in itself.

This action was brought to recover upon certain of said notes not satisfied from the proceeds of said mortgage sale.

The defence is failure of consideration for said notes in that the deed of conveyance contained certain restrictions upon the use of said property by the grantee (defendant) which prevented him from using said land for the purposes intended by him in purchasing said land, and for the further reason that the president of the plaintiff corporation promised the defendant that said restrictions upon the use of said property would be removed, and in case of failure to remove the same that the money paid by the defendant for the purchase of said land would be returned to defendant.

The agreement for the sale of said land contained the following provision:

"The purchaser to receive abstract of said premises, together with full tax and title search made by one of the abstract corporations doing business at Miami, Florida, showing good and marketable title free and clear from all taxes, assessments, liens and encumbrances other than those above specified * * *"

This agreement contains no statement as to any specified taxes, liens and encumbrances. The agreement was followed by a warranty deed dated

July 24, 1925, executed, as was the agreement, by Meyer Bernstein as president of the plaintiff corporation.

After a description of the land conveyed there follows:

"Subject to the taxes for 1925; Subject to whatever building and other restrictions there may be of record affecting this property."

The first dispute in the evidence arose as to the time of delivery of the deed of plaintiff corporation to defendant.

Defendant claimed he did not receive the deed from record office until long after its execution and that same was delivered to a real estate dealer in Miami, while he (defendant) was absent from Florida, and by said real estate dealer recorded, and that he (defendant) did not know of the restrictions contained in said deed until the following year; that as soon as he learned of said restrictions he declined to pay the notes.

Defendant further claims to have sent certain letters, the receipt of which is denied by agents of plaintiff corporation. Among these letters, a purported copy of which was offered by defendant, appears the following:

"118 Prairie Ave.,
Providence, R. I.
December 14, 1925.

Meyer Bernstein, c/o Mrs. Zola Smith, 364-360 S. W. 6th St.,

Miami, Florida.

Dear Sir:—

I have just heard in an indirect way that the premises purchased by me from the Sixth Street Realty Company, known as the 'Buena Vista,' is subject to certain restrictions, which you did not inform me of and of which I had no notice.

This is in violation of my agreement with you, and unless these restrictions are lifted, which prevent me from building on the extra lot, I shall have to take steps to recover money paid to you on this transaction. I expect to be in Miami shortly and shall expect you take this matter up with me when I arrive.

Yours truly,
Nathan Horowitz."

In respect to this letter attorney for the plaintiff, in his argument to the jury, asserted that this letter not only was never sent, but, further, never written by defendant; that its construction, and the terms used, showed upon its face, as compared with other letters written by defendant and received by plaintiff corporation, that it could not have been written by defendant, and was composed by some lawyer to pave the way for certain testimony offered by defendant tending to show that at an interview subsequently had between defendant and Meyer Bernstein in Miami the latter agreed in behalf of the plaintiff corporation that these restrictions should be lifted, and that, unless the same was done, the money paid should be returned to defendant.

Rightly or wrongly, the purported copy was submitted to the jury.

Two witnesses, Harry L. Jagolinzer and Carl Hyman, testified to this interview with Meyer Bernstein in Miami, Florida, alleged to have taken place in February, 1926, and that in presence of Bernstein defendant told Bernstein that on account of said restrictions he (defendant) could not carry out his agreement, and that Bernstein then agreed that the restrictions would be taken care of, and, if not, the money would be returned to defendant.

Subsequent to this interview Bernstein died.

Since the trial, pending the motion for a new trial, an affidavit by one Alfred E. Raia has been filed, stating that he had examined the records in Miami and found a notation alongside of the entry of record of the deed from plaintiff to defendant, which stated that the deed in question had been mailed to Nathan Horowitz on March

2, 1926, at 118 Prairie Ave., Providence, R. I.

Among the exhibits are letters from Samuel Hellinger, an attorney representing plaintiff corporation, and a reply to same by defendant dated October 18, 1926, of the same tenor as the letter of defendant dated December 14, 1925. Plaintiff's witnesses deny that this reply letter was ever received or written.

Rightly or wrongly, a purported copy was submitted to the jury.

It may well be argued that the actions of the defendant show that he accepted the deed with the restrictions contained, and simply is now attempting to get out of the consequences of a bad speculation by a cunning plot to manufacture a defence to the action upon his notes, and that the jury sympathized with him, as plaintiff corporation not only now has the property back in its hands, but has received a large amount of cash as well, and failed to give due regard to plaintiff's witnesses.

The witnesses for plaintiff were one Robert Mintz, secretary of plaintiff corporation, and Samuel Hellinger, an attorney-at-law and the man having the interests of plaintiff corporation in his charge.

The jury may have regarded them as interested witnesses and failed to give due credit to their testimony.

The Court, in considering testimony of record upon a motion for a new trial, has to determine first whether there is testimony which a jury could consider, and whether upon such testimony, if credited, a jury would be justified in finding for plaintiff or for defendant. If, as in the present case, there was testimony, properly submitted, upon which a jury could find that the consideration for said notes had failed, then the verdict should not be set aside.

There was put in by defendant a receipt for $800 paid February 2, 1926, on account of payment of interest upon said mortgage and it is argued that this payment, among other acts of defendant, was a ratification of the deed as delivered, but it will be noted from the record that this payment antedates both the interview of defendant with Bernstein and the mailing to the defendant of the deed.

Motion for new trial denied.

For plaintiff: E. C. Stiness, F. J. O'Brien.

For defendant: Robinson & Robinson.